IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN THIVIERGE, | No. C 05-0163 CW |
| Plaintiff, | |
| v. | ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AS ADMINISTRATOR AND FIDUCIARY OF THE MILLS PENINSULA HOSPITALS GROUP WELFARE PLAN NUMBER 506, and THE MILLS PENINSULA HOSPITALS GROUP WELFARE PLAN NUMBER 506, | |
| Defendants. | |
| _____/ | |

Plaintiff Ellen Thivierge moves for attorneys' fees and costs, in the amount of $78,562.93, incurred in prosecuting her claims for ERISA disability benefits. Defendant Hartford Life and Accident Insurance Company opposes the motion. The matter was submitted on the papers. Having considered all of the papers filed by the parties and the evidence cited therein, the Court finds that

Plaintiff is entitled to attorneys' fees and costs, but finds that Plaintiff has not submitted the requisite evidence of the prevailing market rates or a bill of costs itemizing taxable costs, incurred in this action, that are recoverable under 28 U.S.C. § 1920.  The Court will give Plaintiff another opportunity to do so, and Defendant an opportunity to respond.

## BACKGROUND

In February, 1996, Plaintiff began receiving long-term disability benefits.  Plaintiff filed this suit against Defendant, after Defendant terminated her long-term disability benefits in December, 2003.  On March 28, 2006, the Court granted Plaintiff's motion for judgment and denied Defendant's cross-motion for summary judgment.  Reviewing de novo the administrative record, the Court determined that there had been no significant change in Plaintiff's condition.  She still has good days, when she can function, and bad days, when she cannot function.  It is unpredictable whether Plaintiff will have a good day or a bad day, and a full-time employer cannot handle such inconsistent attendance and unpredictability.  The Court concluded that Plaintiff was entitled to an award of benefits and awarded Plaintiff $50,444.25 in disability benefits plus prejudgment interest.

Plaintiff now moves to recover attorneys' fees in the amount of $76,743.75 and costs in the amount of $1,819.18, totaling $78,562.93.  In support of this request, Plaintiff has filed a bill of costs.  In addition, Plaintiff submits the declaration of her attorney, Scott Kalkin, detailing his hourly billing rate and professional experience.  Mr. Kalkin attaches to his declaration a

2

1  TimeSlips computer billing program print-out, providing the amount
2  of the time that he states that he has spent on this case since
3  March 12, 2004, and a copy of the National Law Journal's 2003 fee
4  survey.  Mr. Kalkin states that his billing rate of $375.00 is
5  within the normal range of fees charged by attorneys in the Bay
6  Area.

## LEGAL STANDARD

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).  The Ninth Circuit has adopted a five-part test to determine whether attorneys' fees should properly be awarded under ERISA: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.  Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980).  No one of these Hummell factors is decisive, and some may not be pertinent in a given case. Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 590 (9th Cir. 1984); Carpenters' S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410, 1416 (9th Cir. 1984).  The Hummell factors "reflect a balancing" and not all factors must weigh in favor of a fee award.  McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999).

The Ninth Circuit has stated that when applying the Hummell

3

factors, a district court "must keep at the forefront ERISA's remedial purposes that 'should be liberally construed in favor of protecting participants in employee benefit plans.'" Id. at 1172 (quoting Smith, 746 F.2d at 589). The court should consider ERISA's purpose "to protect employee rights and to secure effective access to federal courts." Smith, 746 F.2d at 589. Finally, a motion for attorneys' fees in an ERISA case requires application of a "special circumstances" rule under which a successful ERISA participant "should ordinarily recover fees unless special circumstances would render such an award unjust." Elliott v. Fortis Benefits Ins. Co., 337 F.3d 1138, 1148 (9th Cir. 2003).

Courts calculate attorneys' fees under § 1132(g)(1) using the hybrid lodestar/multiplier approach used by the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424 (1983). McElwaine, 176 F.3d at 1173. The lodestar/multiplier approach has two parts: (1) the court determines the lodestar amount by multiplying the number of hours reasonably expended in the litigation by a reasonable hourly rate; and (2) the court may adjust the lodestar upward or downward using a multiplier based on factors not subsumed in the initial calculation.[1] Van Gerwen v. Guarantee Mutual Life

---

[1] In awarding attorneys' fees, courts look at several factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation, and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. Van Gerwen, 214 F.3d at 1045 n.2 (citing Hensley, 461 U.S. at 430 n.3).

4

Co., 214 F.3d 1041, 1045 (9th Cir. 2000).  The applicant seeking an award of fees must submit evidence supporting the hours worked and the rates claimed.  Id.  The court may reduce these hours if the documentation is inadequate or if the hours are duplicative, excessive or unnecessary.  Id.  There is a strong presumption that the lodestar figure represents a reasonable fee, and a multiplier may be used only in rare or exceptional cases where the lodestar is unreasonably low or unreasonably high.  Id.; Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987).

Determining a reasonable hourly rate is a critical inquiry.  Jordan, 815 F.2d at 1262 (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).  The court must consider several factors, including the experience, skill and reputation of the applicant.  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), reh'g denied, opinion amended on other grounds, 808 F.2d 1373 (9th Cir. 1987).  The court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation; it may not refer to the rates actually charged to the prevailing party.  Id. at 1210-11.  It is the applicant's burden to produce evidence, other than the declarations of interested counsel, that "the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation."  Jordan, 815 F.2d at 1263.

DISCUSSION

I. Attorneys' Fees Under ERISA

Plaintiff argues that the five Hummell factors weigh in favor

5

of awarding attorneys' fees and that there are no special circumstances which would render an award unjust. Defendant argues that the Hummell factors do not support an award of attorneys' fees, but do not argue that special circumstances exist or apply. The Court discusses each factor in turn.

A.  Bad Faith or Culpability

Plaintiff contends that Defendant's bad faith and culpability is manifest. Defendant notes that the Court did not find that Defendant abused its discretion in denying Plaintiff's claim, but rather, the Court determined, on a de novo review, that Plaintiff was entitled to benefits. Defendant asserts that, because its denial of Plaintiff's claim was supported by three physicians, its position was substantially justified and thus this factor weighs against awarding attorneys' fees. That is incorrect. As the Court found in its prior order, the two doctors who reviewed Plaintiff's records, and did not examine Plaintiff, offered no convincing evidence to show that Plaintiff could work an eight-hour day, even at a sedentary job. And the one doctor who examined Plaintiff based his opinion only on how Plaintiff was feeling and performing on the day he examined her and did not discuss Plaintiff's abilities to perform objective functions for any prolonged period of time. Although Defendant may not have acted in bad faith, its unjustified reliance on the three doctors demonstrates a level of culpability. Therefore, the Court concludes that this factor weighs in favor of awarding attorneys' fees and costs. See Smith, 746 F.2d at 590 (noting that bad faith is not required to justify a fee award).

6

B. Ability to Pay

Defendant concedes that it is able to pay a fee award. But it argues that this factor alone does not compel an award of attorneys' fees. Although no one of the Hummell factors is "necessarily decisive," the Ninth Circuit has explained, "Based on this factor alone, absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily receive attorneys' fees from the defendant." Id. As noted above, Defendant does not argue that any special circumstances, that would make a fee award unjust, are present. This factor also weighs in favor of awarding attorneys' fees and costs.

C. Deterrence

Plaintiff argues that an award of attorneys' fees and costs in this case will deter Defendant and other insurance carriers from terminating a plaintiff's benefits without any medical or factual justification. Defendants' argument, that it had a reasonable basis for the denial of Plaintiff's claims and thus an award of attorneys' fees is not appropriate, is unconvincing.

In Smith, the Ninth Circuit observed, "An award of reasonable attorneys' fees would deter trustees from opposing employee participant claims if the amount of the claim and the reasonableness of the employee's claim are such that the plaintiff's chances of success are great." Id. The same reasoning applies in this case. An award of fees will deter Defendant from relying solely upon questionable reports prepared by doctors that it hired. This factor weighs in favor of awarding attorneys' fees and costs.

7

D.  Benefit

Defendant argues that, because Plaintiff brought this suit only on behalf of herself and not any other plan participants, this factor does not support an attorneys' fees award. But a plaintiff can benefit other plan participants without bringing an ERISA class action. In Smith, the court found that a decision clarifying the terms of a plan after litigation would benefit all participants and beneficiaries by settling a disputed provision or ambiguity. 746 F.2d at 590. Here, the parties disputed the correct standard of review. As Plaintiff notes, the Court's determination that de novo review applies to the plan at issue could make it easier for other plan participants to obtain their benefits.

This factor weighs in favor of awarding attorneys' fees and costs.

E.  Relative Merits of the Parties' Positions

Defendant argues that the Court did not conclude that its decision did not have merit or that it abused its discretion in making its decision and thus its position had merit and was supported by the record. By ruling in favor of Plaintiff, however, the Court determined that Defendant's position was wrong and Plaintiff's benefits should not have been terminated based on the evidence Defendant presented.

In Smith, the Ninth Circuit stated, "The fifth Hummell factor, the relative merits of the parties' positions, is, in the final analysis, the result obtained by plaintiff." Id. Based on the Court's judgment in favor of Plaintiff, the Court finds that the fifth factor weighs in favor of awarding attorneys' fees.

8

All the <u>Hummell</u> factors weigh in favor of awarding Plaintiff attorneys' fees.

II. Fee Calculation

Plaintiff seeks to recover attorneys' fees for 204.65 hours of work based on an hourly rate of $375.00. Defendant argues that neither Mr. Kalkin's hourly rate nor the amount of time expended is reasonable. Plaintiff disagrees. She contends that her attorney's qualifications and experience as set forth in Mr. Kalkin's declaration support his hourly rate; Mr. Kalkin represents that there are ERISA litigation clients in his office who pay $375.00 an hour. As explained in <u>Chalmers</u>, however,

> Determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party. In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.

796 F.2d at 1210-11 (citations omitted). As noted above, the fee applicant has the burden of producing satisfactory evidence that the requested hourly rates are reasonable based on the prevailing market rates. But Plaintiff offers no such evidence of the prevailing market rates in the community for ERISA attorneys of comparable skill, experience and reputation to Mr. Kalkin. Instead, she attaches a December, 2003 article from the National Law Journal regarding rates of various firms throughout the country. This dated article offers the Court no guidance in determining a reasonable hourly rate for an ERISA attorney in the Bay Area with comparable skill, experience and reputation. Nor does Mr. Kalkin's statement that, based on discussions with other

9

1  attorneys who handle ERISA benefits litigation, it is his opinion
2  that a billing rate of $375.00 per hour is within the normal range
3  of fees charge by attorneys in the Bay Area.  See Jordan, 815 F.2d
4  at 1263.  Accordingly, to receive an award of attorneys' fees,
5  Plaintiff must submit evidence of the prevailing market rates in
6  order to determine reasonable hourly rates for Plaintiff's
7  attorney.

8  In addition, Plaintiff makes no showing that the time spent
9  was reasonably necessary.  The Supreme Court instructs, "Counsel
10 for the prevailing party should make a good faith effort to exclude
11 from a fee request hours that are excessive, redundant, or
12 otherwise unnecessary."  Hensley, 461 U.S. at 434.  No such effort
13 appears to have been made here.  Instead, Plaintiff seeks fees for
14 hours her attorney spent on her administrative appeal, even though
15 fees are not available for the administrative portion of an ERISA
16 appeal.  McElwaine, 176 F.3d at 1172 n.8; Dishman v. UNUM Life Ins.
17 Co. of Am., 269 F.3d 974, 987 n.51 (9th Cir. 2001) ("ERISA's
18 attorneys' fees provision does not allow fees for the
19 administrative phase of the claims process.").

20 III.  Costs

21 Plaintiff seeks to recover costs in the amount of $1,819.18
22 for the court filing fee, copies of the administrative record and
23 trial exhibits, the mediator's fee and the fee "charged by CPA for
24 computation of interest."  Although not noted by either party,
25 the Ninth Circuit has interpreted the "costs of action" provided in
26 ERISA § 1132(g)(1) to allow reimbursement of "only the types of
27 'costs' allowed by 28 U.S.C. § 1920, and only in the amounts

10

allowed by section 1920 itself . . . ." <u>Agredano v. Mutual of Omaha Cos.</u>, 75 F.3d 541, 544 (9th Cir. 1996). Section 1920 permits the taxing of costs for the following:

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendant does not dispute any of the costs Plaintiff seeks to recover, other than to note that Plaintiff charges an undisclosed portion of 0.9 hours to compute interest on judgment, even though her bill of costs includes a charge of $160 incurred by a CPA to complete that task. Nonetheless, only some of the costs listed in Plaintiff's Bill of Costs are recoverable under section 1920.

## CONCLUSION

The Court GRANTS Plaintiffs' Motion for Attorneys' Fees and Costs (Docket No. 36) IN PART. The Court concludes that Plaintiff is entitled to attorneys' fees and costs, and grants Plaintiff twenty-one days from the date of this order to submit evidence of the prevailing market rates and to make a showing that the time her attorney spent on this case was reasonably necessary and that a good faith effort was made to exclude from her fee request hours that were excessive, redundant or unnecessary. In addition, Plaintiff has twenty-one days from the date of this order to submit a revised bill of costs, listing only those costs recoverable under section 1920. Defendants will have fourteen days to file any

11

opposition, and Plaintiff will have seven days to reply.

IT IS SO ORDERED.

Dated: 7/10/06

_____
CLAUDIA WILKEN
United States District Judge