IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN THIVIERGE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AS ADMINISTRATOR AND FIDUCIARY OF THE MILLS PENINSULA HOSPITALS GROUP WELFARE PLAN NUMBER 506, and THE MILLS PENINSULA HOSPITALS GROUP WELFARE PLAN NUMBER 506,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 05-0163 CW<br><br>SECOND ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES |

　　On July 17, 2006, the Court granted in part Plaintiff Ellen Thivierge's motion for attorneys' fees and costs incurred in prosecuting her claims for ERISA disability benefits. The Court found that, while Plaintiff was entitled to attorneys' fees and costs, she did not submit evidence of the prevailing market rate or show that the time her attorney spent on this case was reasonably necessary. The Court granted Plaintiff leave to file a supplemental brief, including that evidence, and a revised bill of

1  costs.  Plaintiff has submitted her supplemental brief.  Defendant
2  Hartford Life and Accident Insurance Company has responded.  Having
3  considered all of the papers filed by the parties and the evidence
4  cited therein, the Court finds that Plaintiff is entitled to
5  $65,062.50 in attorneys' fees and $1,559.18 in costs.

## BACKGROUND

As explained in the Court's prior orders, Plaintiff filed this suit after Defendant Hartford terminated her long-term disability benefits.  On March 28, 2006, the Court granted Plaintiff's motion for judgment and denied a cross-motion by Defendants Hartford and Mills Peninsula Hospitals Group Welfare Plan Number 506.  The Court awarded Plaintiff $50,444.25 in disability benefits plus prejudgment interest.

Plaintiff moved to recover attorneys' fees and costs, totaling $78,562.93.  But, as noted above, Plaintiff failed to submit evidence of the prevailing market rates and to make a showing that the time her attorney spent on this case was reasonably necessary.  In addition, Plaintiff sought to recover costs that are not recoverable under 28 U.S.C. § 1920.

Plaintiff now submits the declarations of two experienced San Francisco Bay Area ERISA attorneys, who are familiar with her counsel, Scott Kalkin, and with the prevailing market rate of attorneys in this field, and a revised bill of costs.  Although in her moving papers Plaintiff sought attorneys' fees for 204.65 hours of work based on an hourly rate of $375.00, she now seeks attorneys' fees for 179.6 hours of work based on an hourly rate between $415.00 and $495.00.

2

LEGAL STANDARD

As previously explained in the Court's July 10, 2006 order, courts calculate attorneys' fees under § 1132(g)(1) using the hybrid lodestar/multiplier approach used by the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424 (1983). McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999). The lodestar/multiplier approach has two parts: (1) the court determines the lodestar amount by multiplying the number of hours reasonably expended in the litigation by a reasonable hourly rate; and (2) the court may adjust the lodestar upward or downward using a multiplier based on factors not subsumed in the initial calculation.[1]  Van Gerwen v. Guarantee Mutual Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). The applicant seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. Id. The court may reduce these hours if the documentation is inadequate or if the hours are duplicative, excessive or unnecessary. Id. There is a strong presumption that the lodestar figure represents a reasonable fee, and a multiplier may be used only in rare or exceptional cases where the lodestar is unreasonably low or unreasonably high. Id.; Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987).

---

[1] In awarding attorneys' fees, courts look at several factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation, and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. Van Gerwen, 214 F.3d at 1045 n.2 (citing Hensley, 461 U.S. at 430 n.3).

Determining a reasonable hourly rate is a critical inquiry. Jordan, 815 F.2d at 1262 (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). The court must consider several factors, including the experience, skill and reputation of the applicant. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), reh'g denied, opinion amended on other grounds, 808 F.2d 1373 (9th Cir. 1987). The court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation; it may not refer to the rates actually charged to the prevailing party. Id. at 1210-11. It is the applicant's burden to produce evidence, other than the declarations of interested counsel, that "the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Jordan, 815 F.2d at 1263.

                              DISCUSSION

I. Attorneys' Fees Under ERISA

As noted above, the Court has already concluded that attorneys' fees are appropriate. Now, the Court must determine a reasonable hourly rate and whether the time spent by Plaintiff's counsel was reasonably necessary.

    A.   Hourly Rate

As noted above, the fee applicant has the burden of producing satisfactory evidence that the requested hourly rate is reasonable based on the prevailing market rates. Plaintiff now provides evidence to show that the originally requested hourly rate of $375.00 is reasonable. She includes declarations of two

1 experienced San Francisco Bay Area ERISA attorneys, who are
2 familiar with the background, experience, work and reputation of
3 Plaintiff's counsel.  Both attorneys state that Mr. Kalkin's firm,
4 Roboostoff & Kalkin, is one of the premier firms in the San
5 Francisco Bay Area handling ERISA disability litigation from the
6 plaintiff's side.  One attorney states, "Based upon my knowledge of
7 the prevailing hourly rates in the San Francisco Bay Area for ERISA
8 related work, it is my opinion that attorneys with skill,
9 experience and a reputation in the community similar to Mr. Kalkin
10 can, and do, command hourly rates of $375.00 per hour or more."
11 Coleman Dec., ¶ 9.  The other attorney states that Mr. Kalkin is "a
12 skillful and seasoned attorney of the highest caliber," and, in his
13 opinion, the reasonable value of Mr. Kalkin's time "is at least
14 $375.00 per hour."  Harris Dec., ¶ 7.

15 Plaintiff has demonstrated the reasonableness of $375.00 per
16 hour.  But she had not shown that the higher amounts that she
17 requests in her supplemental briefing are reasonable.  She states
18 that her counsel's skill, experience and reputation in the legal
19 community, "falls somewhere between" three other San Francisco Bay
20 Area ERISA attorneys and, therefore, a reasonable hourly rate for
21 Mr. Kalkin is "somewhere between $415.00 and $495.00."  Although
22 she provides evidence that courts in this district have found
23 $415.00 to $495.00 to be reasonable hourly rates for those three
24 attorneys, she provides only her own statement as support for her
25 assertion that her counsel's skill, experience and reputation in
26 the legal community are comparable to that of the three attorneys.
27 Defendant Hartford's arguments that Plaintiff has not
28

5

demonstrated the reasonableness of the $375.00 hourly rate are unpersuasive. It first points out that Plaintiff seeks a higher fee in her supplemental briefing than she did in her motion for attorneys' fees. As Defendant Hartford notes, the Court granted Plaintiff leave to provide evidence to support her requested fee, not to request a higher hourly amount. The Court, however, did not find that Plaintiff demonstrated the reasonableness of the higher hourly rate and thus this argument is moot. Defendant Hartford then argues that the opinion and declarations of the two ERISA lawyers do not support Plaintiff's requested hourly rate. But Defendant Hartford submits no evidence in the form of declarations or affidavits to show that the hourly rates represented in Plaintiff's declarations are unreasonable or excessive. Defendant Hartford's argument that Plaintiff submits no evidence to show that clients pay these rates is similarly without merit. Defendant Hartford cites no case where a court has required such information.

The Court concludes that $375.00 is a reasonable rate.

B.  Hours Expended by Plaintiff's Counsel

In its prior order, the Court reminded Plaintiff that counsel for the prevailing party should make a good faith effort to exclude from the fee request hours that were unnecessary. The Court also instructed Plaintiff that fees are not available for the administrative portion of an ERISA appeal. McElwaine, 176 F.3d at 1172 n.8; Dishman v. UNUM Life Ins. Co. of Am., 269 F.3d 974, 987 n.51 (9th Cir. 2001). Plaintiff has subtracted 32.55 hours, the time spent on her administrative appeal, from her fee request. But she adds 5.5 hours to her fee request for the time spent preparing

the supplemental briefing, declaration and revised cost bill.

Defendant Hartford argues that more time should be excluded from the fee award.  Reviewing Mr. Kalkin's time log, the Court finds that the time spent was reasonable.  Defendant Hartford, however, should not have to reimburse Plaintiff for the time her counsel spent negotiating an undisclosed settlement with another defendant; the Court will deduct the 0.6 hours spent on that activity.  Nor should Defendant Hartford have to reimburse Plaintiff for the additional 5.5 hours her counsel spent preparing and filing the supplemental briefing, which was necessitated by the deficiency of her original request.  After deducting 6.1 hours from the 179.6 Plaintiff requests in her supplemental brief, the Court finds that Plaintiff's counsel reasonably spent 173.5 hours related to this action.

II.  Costs

Plaintiff originally filed a bill of costs seeking to recover $1,1819.  On April 28, 2006, that bill of costs was signed by the Deputy Clerk.  But, as the Court explained in its prior order, the Ninth Circuit has interpreted the "costs of action" provided in ERISA § 1132(g)(1) to allow reimbursement of "only the types of 'costs' allowed by 28 U.S.C. § 1920, and only in the amounts allowed by section 1920 itself . . . ."  Agredano v. Mutual of Omaha Cos., 75 F.3d 541, 544 (9th Cir. 1996).  Section 1920 permits the taxing of costs for the following:

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for

7

>use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

As noted above, only some of the costs listed in Plaintiff's original bill of costs were recoverable under section 1920.

Plaintiff has revised her bill of costs, deducting $160.00 for "fee charged by CPA for computation of interest." Plaintiff now seeks to recover costs in the amount of $1,659.18 for the filing fee, copies of the administrative record and trial exhibits and the mediator's fee. Plaintiff contends that the costs she seeks are allowed by section 1920. Defendant Hartford contends that only the $150 filing fee is allowed by section 1920. Both parties are incorrect. Section 1920 covers the cost of copying, but it does not cover the mediator's fee. Thus, the Court will deduct $100 from Plaintiff's awarded costs.

## CONCLUSION

The Court awards attorneys' fees to Plaintiff in the amount of $65,062.50, calculated by multiplying 173.5 hours of work by $375 per hour. The Court also awards Plaintiff costs in the amount of $1,559.18. Defendant Hartford shall pay these amounts forthwith. Defendant Hartford's Request for Judicial Notice (Docket No. 48) is GRANTED.

IT IS SO ORDERED.

Dated: 10/11/06

CLAUDIA WILKEN
United States District Judge

8